IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-00347-KD-B |
| | ) | |
| ABRAHAM DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on Defendant Abraham Daniel's motion for jail credit (Doc. 42).[1] Daniels argues that he has received credit for sixteen months in state custody for the same criminal conduct for which he was sentenced in this Court. Upon consideration, and for the reasons set forth herein, Daniels' motion is **DENIED** for lack of jurisdiction.

The Federal Bureau of Prisons ("BOP"), not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before his federal sentence commences. See United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) ("18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . .' Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." (citing United States v. Wilson, 503 U.S. 329, 334 (1992))); see also Galloway v. Fisher, No. 3:08cv82/LAC/EMT, 2008 WL 4057803, at *3 (N.D. Fla. Aug. 27, 2008) (holding that the Attorney General of the United States, "acting through the Bureau of Prisons . . . initially possesses the exclusive authority to determine when a sentence is deemed to 'commence' and to compute sentence credit awards after sentencing"

---

[1] This motion was filed on November 10, 2010, as a "Position Regarding Sentencing Factors". Upon review of the docket after Daniels' filed his Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense" (Doc. 43), the Court became aware of the misfiled motion.

(internal citation omitted)).

Before seeking judicial review of the BOP's credit calculation, a prisoner must first exhaust administrative remedies. Alexander, 609 F.3d at 1260 (citing United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990)); see also United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) ("A federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence."). The record before the Court does not indicate whether Daniels has exhausted his administrative remedies with the BOP. Because exhaustion of administrative remedies is jurisdictional, see United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005), this Court lacks jurisdiction to recalculate the amount of credit that Daniels may or may not be due. Accordingly, Daniels' motion must be **DENIED**.

The Clerk of the Court is **DIRECTED** to mail a copy of this order to Daniels.

**DONE** and **ORDERED** this the **3rd** day of **November 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**